IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **XAVIER JASON PAGAN,** | : | |
| Petitioner | : | No. 1:21-cv-01804 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **MARK CAPOZZA, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Xavier Jason Pagan ("Pagan") seeks relief from a conviction and sentence in the Berks County Court of Common Pleas. The Court will dismiss the petition as untimely.

I. **BACKGROUND**

On January 28, 2013, Pagan pleaded guilty to two counts of aggravated assault, two counts of conspiracy to commit aggravated assault, one count of simple assault, one count of conspiracy to commit criminal homicide, one count of conspiracy to commit simple assault, and one count of intimidation of a witness. See Commonwealth v. Pagan, No. 505 MDA 2016, 2016 WL 7340314, at *1 (Pa. Super. Ct. Mar. 9, 2015). Pagan did not file a direct appeal of his conviction, but he timely petitioned for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on August 29, 2013. See Commonwealth v. Pagan, No. CP-06-CR-0004619-2012 (Berks Cty. Aug. 29, 2013). The Court of Common Pleas denied the PCRA petition, and the Superior Court affirmed on December 19, 2016. See Pagan, 2016 WL 7340314, at *1. Pagan filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 6, 2017. See Commonwealth v. Pagan, 169 A.3d 568 (Pa. 2017). He subsequently filed a second PCRA petition, which the Court of Common Pleas dismissed as

untimely on December 30, 2020.  See Commonwealth v. Pagan, 258 A.3d 543 (2021).  The Superior Court affirmed on June 22, 2021.  See id.

Pagan filed the instant petition on October 22, 2021.  (Doc. No. 1.)  He raises four arguments for relief: (1) that his sentence was illegal because the Court of Common Pleas violated state law under 42 Pa.C.S. § 9726; (2) that his sentence was illegal because he was convicted of conspiracy to commit criminal homicide even though the victim of the underlying offense did not die; (3) that trial counsel was ineffective; and (4) that the Court of Common Pleas committed various violations of his right to due process during his plea hearing and sentencing. (Doc. Nos. 1-2.)

Pagan acknowledges that he has filed his petition more than one year after his conviction became final, but asserts that the Court should consider the petition based on new rules of constitutional law that apply retroactively to his conviction.  (Doc. No. 1 at 14.)  Specifically, Pagan points to the Pennsylvania Supreme Court's decision in Commonwealth v. Ford, 217 A.3d 824 (2019) and the Pennsylvania Superior Court's decision in Commonwealth v. Gary-Ravenell, No. 2551 EDA 2018, 2019 WL 4621324, at *1 (Pa. Super. Ct. Sept. 24, 2019), superseded by Commonwealth v. Gary-Ravenell, 241 A.3d 460 (Pa. 2020).

Given the apparent untimeliness of Pagan's petition, the Court issued an order in accordance with United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005), on October 29, 2021 requiring Pagan to show cause as to why the petition should not be dismissed as untimely. (Doc. No. 4.)  Pagan responded to the Court's order on November 17, 2021.  (Doc. No. 6.) Pagan asks the court to equitably toll the one-year limitations period because his petition "has been late due to COVID-19 and the operations going within the institutions."  (Id.)  He asserts that the pandemic has caused him to have a lack of time in the prison law library and that the

restricted operations in the prison caused him to file his petition late. (Id.) Because Pagan has now been given notice and an opportunity to respond with respect to the timeliness of his petition, see Bendolph, 409 F.3d at 169, the Court will sua sponte address the issue of timeliness.

## II.   LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See id.

In this case, Pagan asserts that the Court should consider the petition because of newly announced rules of constitutional law that apply retroactively to his conviction. (Doc. No. 1 at 14.) The only cases that he cites, however, are Pennsylvania cases, and § 2244(d)(1)(C) is expressly limited to constitutional rights newly recognized by the United States Supreme Court. Thus, because the triggering event under § 2244(d)(1)(C) does not apply to this case, the limitations period for Pagan to file his federal habeas corpus petition began when his conviction became final on February 27, 2013. See Pa. R. Crim. P. 903 (granting criminal defendant thirty days to appeal his judgment of conviction).

Pagan filed a timely PCRA petition on August 29, 2013, which statutorily tolled the limitations period for his federal habeas corpus petition. See 28 U.S.C. § 2244(d)(2). At that point, 183 days had elapsed towards the end of the limitations period. The statutory tolling period ended on June 6, 2017, when the Pennsylvania Supreme Court denied Pagan's petition for allowance of appeal with respect to his PCRA case. Thus, because 183 days had already elapsed towards the end of the limitations period, Pagan was required to file his petition for writ of habeas corpus within 182 days of June 6, 2017, or no later than December 5, 2017. His petition, which was not filed until October 22, 2021, is facially untimely.

Pagan asks the Court to equitably toll the limitations period based on the COVID-19 pandemic. (Doc. No. 6.) The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. Diguglielmo, 544 U.S. 408, 418 2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. See Pace, 544 U.S. at 418.

Pagan's assertion that the case should be equitably tolled based on the COVID-19 pandemic is without merit. As noted above, the statutory tolling period for Pagan's petition ended on June 6, 2017, meaning that he was required to file his petition in federal court no later than December 5, 2017, approximately two years before the COVID-19 pandemic began.  Pagan does not explain how the COVID-19 pandemic, which began sometime in late 2019 and did not substantially affect the United States until early 2020, could have prevented him from filing a petition in 2017.  Accordingly, the Court concludes that Pagan is not entitled to equitable tolling.

Pagan is similarly not entitled to relief under the actual innocence exception.  Although the statute of limitations for habeas corpus petitions under § 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."  See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).  Pagan makes no argument as to why the actual innocence exception applies and accordingly fails to meet his burden.

Finally, Pagan is not entitled to any statutory tolling of the limitations period based on his second PCRA petition, for two reasons.  First, the limitations period had already expired at the time he filed the second PCRA petition.  The statutory tolling provision under § 2244(d)(2) pauses the limitations period; it does not restart or reset the limitations period.  See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002); accord Talley v. Cappozza, No. 3:19-CV-1792, 2020 WL 7342806, at *3 (M.D. Pa. Dec. 14, 2020).  Second, the petition was dismissed as untimely in Pennsylvania state court, and petitions that are dismissed as untimely in state court are not "properly filed" for purposes of statutory tolling.  See Pace, 544 U.S. at 417.

Therefore, because Pagan's petition is untimely and there is no basis to excuse the untimeliness or toll the limitations period, the Court will dismiss the petition as untimely. A certificate of appealability will not issue because jurists of reason would not debate whether Pagan states a valid claim of a denial of a constitutional right or whether the court's procedural ruling is incorrect. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the foregoing reasons, Pagan's petition for writ of habeas corpus will be dismissed with prejudice. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania